UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KEVIN FUQUA,<br>Defendant. | Case No. 14-cr-00287-JD-1<br><br>**ORDER RE DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL** |

After the close of evidence at trial, defendant orally moved for judgment of acquittal under Federal Rule of Criminal Procedure 29. The Court denied the motion. Viewed in the light most favorable to the government, the evidence is sufficient for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The Court addresses in more detail here the issues raised by defense counsel. Counsel renewed an objection to the admission of recorded jail calls at trial. In a motion in limine ruling before trial, the Court granted introduction of the recordings subject to authentication at trial. Dkt. No. 64. The government called ATF Special Agent Christopher Bailey to authenticate that the voice on the recordings belongs to defendant. Voice authentication is proper under Federal Rule of Evidence 901(a), which provides generally that "the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Voice identifications are sufficient when there is an "identification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." Fed. R. Evid. 901(b)(5).

As long as the identifying witness is "minimally familiar" with the voice he identifies, Rule 901(b) is satisfied. *United States v. Ortiz*, No. 13-30361, 2015 WL 294305, at *2 (9th Cir. Jan. 23, 2015) (quotations and citation omitted).

Agent Bailey met this standard. He testified that he had in-person conversations with Mr. Fuqua on several occasions lasting between 15 to 45 minutes each. That is enough for Rule 901(b) purposes.

In the Rule 29 motion, counsel for defendant also suggested that the procedure used to identify Mr. Fuqua's voice on the jail calls was impermissibly suggestive. The Court does not agree. Due process protects an accused against the introduction of evidence of unreliable pretrial identifications obtained through unnecessarily suggestive means. *See Moore v. Illinois*, 434 U.S. 220, 227 (1977). Defendant has not provided any case law to show the pretrial voice identification procedure used here was unnecessarily suggestive. The Court, through its own research, has found that some courts have left open the possibility that voice identifications can in some circumstances be unnecessarily suggestive. But in those cases, the defendant adduced facts to establish that an unduly suggestive identification procedure had occurred. *See, e.g., United States v. Phaester*, 544 F.2d 353, 370 (9th Cir. 1976) (finding that asking an officer whether he knew the defendant and could identify his voice prior to playing the tape was undeniably suggestive). Here, after ample opportunity to cross-examine Agent Bailey or call other witnesses, defendant did not establish any facts showing that Agent Bailey's authentication was in any way unduly suggestive. Defendant adduced no facts at all regarding the circumstances of Agent Bailey's initial identification of the defendant's voice. In addition, the Court finds that any due process concerns here are ameliorated by the other considerations used to make the identification, including the speaker's discussion of his birthday and court dates, all of which matched Mr. Fuqua's.

Defendant also argues that his sixth amendment right to counsel was violated because his lawyer was not present when he spoke with Agent Bailey on the occasions they were together. The determinant of whether counsel is required to be present is whether the risk of prejudice in the particular identification procedure is such that "the absence of counsel might derogate from . . . a fair trial." *Gilbert v. California*, 388 U.S. 263, 267 (1967). The Ninth Circuit has clearly "held

that the risk of prejudice is not sufficient to require the aid of counsel for pretrial voice identifications, and that these do not constitute 'critical stages' of a criminal proceeding." *United States v. Kim*, 577 F.2d 473, 480-81 (9th Cir. 1978).  And in *United States v. Thomas*, 568 F.2d 123, 134 (9th Cir. 1978), the absence of counsel during three telephone conversations with a DEA agent who later identified defendant's voice in certain taped conversations was held not to have violated his sixth amendment rights.  Consequently, the Court finds that absence of counsel during Mr. Fuqua's conversations with Agent Bailey did not violate his sixth amendment rights.

**IT IS SO ORDERED**.

Dated: January 28, 2015

_____
JAMES DONATO
United States District Judge